PHILADELPHIA INDEMNITY INSUR-ANCE COMPANY, a Pennsylvania Insurance Company, Plaintiff–Appellee,

v.

Richard FINDLEY; Denikan Brewer; Desirie Brewer; Dane Flores; Delesa Flores; Javier Cortez, Defendants,

and

Blanca Montes–Harris; Monica Arredondo; Camilia Toni Harris, Defendants–Appellants.

Philadelphia Indemnity Insurance Company, a Pennsylvania Insurance Company, Plaintiff–Appellee,

v.

Richard Findley; Denikan Brewer; Desirie Brewer; Dane Flores; Delesa Flores; Blanca Montes–Harris; Monica Arredondo; Camilia Toni Harris, Defendants,

and

Javier Cortez, Defendant–Appellant.

Nos. 03–56651, 03–56652.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Filed Jan. 25, 2007.

David M. Glasser, Esq., Greenspan, Glasser & Rosson, Culver City, CA, for Plaintiff–Appellee.

James E. Green, Jr., Esq., Conner & Winters, Tulsa, OK, Alan L. Pitcaithley, Pitcaithley & Hobbs, La Mesa, CA, Elaine D. Etingoff, Esq., Hindin & Abel, Los Angeles, CA, for Defendants and Defendant–Appellant.

David R. Denis, Esq., World Trade Center, Los Angeles, CA, for Defendant–Appellant and Defendants.

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

In *Philadelphia Indemnity Insurance Co. v. Findley*, 395 F.3d 1046 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

2005) (*"Findley"*), we certified to the California Supreme Court a question of state law regarding the duties of excess liability insurers that we believed would be determinative of this appeal. The court granted our request and recently answered the certified question in *Philadelphia Indemnity Insurance Co. v. Montes–Harris*, 40 Cal.4th 151, 51 Cal.Rptr.3d 709, 146 P.3d 1251 (2006) (*"Montes–Harris"*). In light of the California Supreme Court's decision, we affirm the district court's judgment.[1]

In our certification order we asked the California Supreme Court to answer the following question:

> Does the duty of an insurer to investigate the insurability of an insured, as recognized by the California Supreme Court in *Barrera v. State Farm Mut. Auto. Ins. Co.*, 71 Cal.2d 659, 79 Cal. Rptr. 106, 456 P.2d 674 (1969), apply to an automobile liability insurer that issues an excess liability insurance policy in the context of a rental car transaction?

*Findley*, 395 F.3d at 1048. Although the California Supreme Court refrained from deciding whether excess liability insurers are generally subject to Barrera's reasonable investigation requirement, it held that, "where, as here, the sale of excess liability insurance in a rental car transaction occurs after the rental car customer presents a facially valid driver's license and after the license inspection and signature verification requirements of Vehicle Code section 14608, subdivision (b), have been met, the excess insurer has no obligation to conduct a further inquiry regarding the validity of the customer's driver's license." *Montes–Harris*, 51 Cal.Rptr.3d 709, 146 P.3d at 1253. In so holding, the

---

**1.** Because the facts and procedural posture of this case are described in detail in our certification order and the California Supreme Court's opinion, we do not recite them here.

court considered extensively the intent of the California Legislature and the difficult policy questions presented by this issue. Further, the court concluded that "there is no dispute that Budget's rental car agent, who acted as an agent for Philadelphia for the limited purpose of facilitating the excess insurance transaction, rented a car and offered the excess policy to Burke only after Burke presented a facially valid Arizona driver's license, and the agent inspected the license and verified Burke's signature in compliance with section 14608, subdivision (b)." *Id.* at 1259.

 We are bound by the holding of the California Supreme Court. *See Reinkemeyer v. SAFECO Ins. Co. of America,* 166 F.3d 982, 984 (9th Cir.1999). Further, although the district court in granting summary judgment to Philadelphia did not expressly determine whether Budget had satisfied California Vehicle Code section 14608, our own review of the record confirms the California Supreme Court's determination that there is no genuine dispute as to this fact. Thus, in light of the California Supreme Court's holding, the district court properly concluded that Philadelphia was not required to conduct further inquiry into the validity of Burke's license under *Barrera,* and thus was entitled to enforce the contractual exclusion of "coverage for injury arising out of the use of a rental car obtained through fraud or misrepresentation." *Montes–Harris,* 51 Cal.Rptr.3d 709, 146 P.3d at 1253. Also, the district court did not err in concluding that Burke negligently misrepresented that he had a valid driver's license, and that the damages he caused were therefore subject to this exclusion.

**AFFIRMED.**